# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALLEN GUNNARSON, | Case No. 1:15-cv-00231 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CORIZON, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Mark Allen Gunnarson ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 11, 2015. He names Fresno County Sheriff Margaret Mimms, Corizon Medical, the Fresno Jail Staff, Head of Medical Staff Dr. Thomas and Deputy Sheriff Long as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 23, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated in the Fresno County Jail.

Plaintiff alleges that on October 28, 2014, he was taken to have his blood drawn.  An LVN tried and missed his vein.  The LVN then let three other nurses try, and when Plaintiff asked them to stop, they refused until they had tried five times.  A lab tech then came in and was able to draw the blood with one try.  Plaintiff asked the lab tech if it was hard to draw his blood, and she said "no." ECF No. 1, at 4.  Plaintiff has had his blood drawn numerous times since then and has never had a problem.  After the incident, Plaintiff's hands were swollen and his arms were numb for three days.  He also suffered bruising.

On January 8, 2014, Plaintiff went to have his blood pressure test.  He was told that it was high in both arms.  Plaintiff has a history of high blood pressure and a heart condition, and the

2

nurse told him that she would notify the lead care nurse. Plaintiff returned to his housing unit and waited, ultimately falling asleep without medications.

When he awoke on January 9, 2014, his chest hurt and his blood pressure was still high. Plaintiff went to medical and was given aspirin. His blood pressure was checked again, but it was still high. Plaintiff contends that this was not proper care, and he believes that he should have been housed in medical so that he could be monitored.

On January 27, 2015, Plaintiff advised jail staff that his nitro stat was broken during a search. Jail staff called medical, who told them for six days that they would bring Plaintiff the bottle. This never occurred, however. When Plaintiff asked medical staff, they denied ever being told about the incident.

Plaintiff believes that his well-being is not Corizon Medical's first concern, as it took them seven days to replace his nitro stat.

C.  **DISCUSSION**

   1.   Linkage

Plaintiff names numerous individual Defendants, but he does not link any Defendant to any alleged violation. It is not sufficient to allege that "jail staff," "medical staff," or an LVN took actions that allegedly violated his rights.

As explained above, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff also names Fresno County Sheriff Mimms. He is advised that supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional

deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Therefore, although Plaintiff names Defendants Mimms, Thomas and Long, he does not specifically link them to any alleged violation. Plaintiff therefore fails to state a claim against any Defendant.

### 2. Corizon Health

There is no vicarious liability under section 1983, including a section 1983 action against a private entity acting under color of state law. To state a claim under section 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138–39 (9th Cir.2012); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997).

Here, Plaintiff makes no claims that Corizon Health acted pursuant to any policy or decision. Plaintiff therefore fails to state a claim against Corizon Health.

### 3. Denial of Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.[2] Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

---

[2] Plaintiff states that he will be incarcerated at the Fresno County Jail until his release in December 2015. This suggests that he is a convicted inmate, rather than a pretrial detainee.

4

2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff lists three incidents of medical care during which he believes his rights were violated. However, he fails to allege that any individual acted with deliberate indifference. For example, he states that he asked an LVN to stop his blood draw, but he continued to attempt to draw blood and/or allow others to do so. He does not provide facts to show that any Defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Rather, they were attempting to perform a blood draw, and while Plaintiff may have been unhappy with their attempts, there is no evidence to show that anyone acted with deliberate indifference. In fact, Plaintiff himself characterizes their attempts as "malpractice/negligence." However, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Similarly, Plaintiff alleges that he was not given medication after a high blood pressure reading, and that it took days to get a replacement for medication. He fails to provide sufficient facts surrounding the denials, and he therefore fails to allege that they were due to any Defendants' deliberate indifference. Plaintiff also alleges that he did not receive proper care, and he believes that he should have been housed in medical. However, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)),

5

overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff therefore fails to state a claim under the Eighth Amendment.

#### 4. Negligence

To the extent that Plaintiff attempts to state a medical negligence claim, he is advised that the Court will only exercise jurisdiction over a state law claim where a cognizable federal claim exists.  28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### D. CONCLUSION AND ORDER

For the above reasons, Plaintiff's complaint fails to state any claims for which relief may be granted.  Plaintiff will be given an opportunity to amend, but he should only do so if he can amend in good faith.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 17, 2015**                              /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE